<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TAMIKA COVINGTON, | |
| Plaintiff, | |
| | Hon. Garrett E. Brown, Jr. |
| v. | |
| | Civil Action No. 08-3639 (GEB) |
| INTERNATIONAL ASSOCIATION OF APPROVED BASKETBALL OFFICIALS, ET AL., | **MEMORANDUM OPINION** |
| Defendants. | |

**BROWN**, **Chief Judge:**

This matter comes before the Court upon the pending motions to dismiss filed by: (1) Defendant the International Association of Approved Basketball Officials (the "IAABO"); and (2) Defendant the Hamilton Township Board of Education (the "Hamilton BOE"). (Doc. Nos. 105, 106) Plaintiff Tamika Covington ("Covington") opposes both motions. (Doc. No. 117) On April 25, 2011, after considering the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78, the Court ordered Covington to show cause (the "OTSC") why the Title VII claims in her operative Second Amended Complaint ("SAC") should not be dismissed against all Defendants. (Doc. No. 140) Covington responded to the Court's OTSC in a letter brief submitted on May 19, 2011. (Doc. No. 143) Having considered Covington's response in light of all submissions in this case, the Court will dismiss Covington's SAC with prejudice and order this case closed for the reasons that follow.

I.     DISCUSSION[1]

   A. The OTSC and Covington's Title VII Claims

In the April 25 OTSC, the Court noted that it appeared Covington's Title VII claims in her SAC, though restyled, continued to suffer from the same fatal flaws that resulted in the Court's August 26, 2010 dismissal of Covington's then-operative amended complaint. In doing so, the Court's OTSC analyzed Covington's Title VII claims pursuant to the applicable and well-known precedent – namely the *Iqbal*, *Twombly*, *Darden*, and *Graves* decisions from the United States Supreme Court and the Third Circuit, respectively.

As noted, Covington responded to the Court's OTSC in a brief filed on May 19, 2011. In that brief, Covington does two things: (1) she attempts to explain various aspects of her SAC; and (2) she reiterates her steadfast reliance upon two twelve-year-old, unreported, post-trial memorandums from a court in the Eastern District of Pennsylvania. In view of that response, the Court concludes that Covington has failed to show cause why her Title VII claims should not be dismissed with prejudice.

First, Covington's SAC forms her operative pleading in this case, and as such, Covington's belated attempt to explain or again re-frame her allegations is unavailing. Second, Covington's persistent reliance on the decisions rendered in *Kemether v. Pennsylvania Interscholastic Athletic Ass'n* is a fatal to her Title VII claims. Covington cites the following two unreported post-trial memorandums issued by the Court in *Kemether*: (1) the trial court's findings of facts and conclusions of law regarding the plaintiff's claims for equitable relief; and

---

[1] The factual allegations and procedural history of this case have been chronicled repeatedly by this Court, and most recently, in the Court's April 25, 2011 OTSC. As such, the Court will here address only that information strictly relevant to the present decision.

(2) a post-trial Rule 50 motion filed by the defendants that challenged the jury's verdict in various respects.  *Kemether v. Pennsylvania Interscholastic Athletic Ass'n*, No. 96-6986, 1999 WL 1012948 (E.D.Pa. Oct. 15, 1996); *Kemether v. Pennsylvania Interscholastic Athletic Ass'n*, No. 96-6986, 1999 WL 1012957 (E.D. Pa. Nov. 8, 1999).  At the outset, this Court notes that the foregoing decisions in *Kemether* carry no precedential weight, as they: (1) were issued by a district court; (2) in another district; (3) are unreported; and (4) are procedurally inapposite as they deal with the sufficiency of evidence at the terminus of the litigation continuum under the Federal Rules of Civil Procedure.

Perhaps more critically, the *Kemether* decisions are wholly unpersuasive because they have not been followed.  Indeed, since their issuance in late 1999, apparently the only case to cite the *Kemether* decisions simply distinguished them.  *Johnny's Icehouse, Inc. v. Amateur Hockey Ass'n of Illinois*, 134 F. Supp.2d 965 (N.D.Ill. 2001).  Finally, even if the *Kemether* decisions were procedurally relevant here – i.e., discussed the sufficiency of the relevant pleadings – the Court notes the significant evolution of the Rule 8 pleading standards in the decade-and-a-half since the *Kemether* litigation apparently began.  That pleading evolution (from *Conley* to *Twombly* and *Iqbal*), casts additional doubt upon the present-day viability of the very claims that appear to have been at issue in *Kemether*, and certainly errodes whatever persuasive force those decisions might once have had.   In short, *Kemether* is not the law.

Therefore, for all these reasons, the Court concludes that Covington has failed to show cause why her Title VII claims should not be dismissed with prejudice.

### B. Covington's Title IX Claim

With regard to Covington's Title IX claim against the Hamilton BOE, the SAC does

remedy the obvious pleading failure that resulted in the prior dismissal of this claim. The Court concludes, however, that Covington's renewed Title IX claim in the SAC is wholly without merit when analyzed pursuant to the applicable standard.

To that end, as the Court has noted, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint will survive a motion to dismiss if it contains sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570). The plausibility standard requires that "the plaintiff plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). In evaluating a motion to dismiss, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Here, with regard to her Title IX claim, Covington's SAC does nothing more than merely apply labels and assert bald legal conclusions against the Hamilton BOE. When those mere labels and legal conclusions are removed, as they must be, Covington's Title IX claim is entirely unsupported by substantive, non-conclusory factual allegations. Further, and independently, given the theoretical overlap between Covington's Title VII claims and her Title IX claim, the clear failure of Covington's restyled Title VII claims based upon the unpersuasive *Kemether* decisions appears to correspondingly undermine her Title IX claim. Therefore, Covington's SAC again fails to state a plausible claim under Title IX, and will be dismissed with prejudice.

### C. Supplemental Jurisdiction

It is undisputed that federal subject matter jurisdiction in this case exists as a result of the federal questions presented by Covington's claims under Title VII and Title IX. As noted above, those claims will be dismissed. In light of the absence of any federal claim, the Court will not exercise supplemental jurisdiction over Covington's state law claims pursuant to 28 U.S.C. § 1367. A District Court, pursuant to 28 U.S.C. § 1367(c)(3), "may decline to exercise supplemental jurisdiction over a claim . . . if . . . (3) the district court has dismissed all claims over which it has original jurisdiction." *Edlin Ltd. v. City of Jersey City*, No. 07-3431, 2008 U.S. Dist. LEXIS 41118, at *24 (D.N.J. May 23, 2008) (citing *Atkinson v. Olde Economie Fin. Consultants, Ltd.*, No. 05-772, 2006 U.S. Dist. LEXIS 54289, at *5 (W.D. Pa. Aug. 4, 2006)). This determination is discretionary and "[t]he general approach is for a district court to . . . hold that supplemental jurisdiction should not be exercised when there is no longer any basis for original jurisdiction." *Id.*; *see also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997) ("pendent jurisdiction 'is a doctrine of discretion, not of plaintiffs right,' and that district

courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons") (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Applying this standard to the procedural posture in this case, the Court shall decline in its discretion to exercise supplemental jurisdiction over Covington's remaining state law claims. As a result, the remaining state law claims in Covington's SAC will be dismissed without prejudice but with prejudice to refile in this Court.

Additionally, the Court will decline supplemental jurisdiction over the third-party complaint filed by Defendant the International Association of Approved Basketball Officials Board 193 ("Board 193") against its insurer Federal Insurance Company ("Federal"), on October 6, 2009. (Doc. No. 44) The Court's subject-matter jurisdiction in that related dispute was entirely based upon principles of supplemental jurisdiction stemming from the federal question presented in Covington's then-operative complaint. In light of that, the Court will terminate as moot the motion for summary judgment filed by Federal on June 17, 2011. (Doc. No. 144)

### III.   CONCLUSION

For the foregoing reasons, pursuant to the Court's April 25, 2011 OTSC, the Court will dismiss with prejudice Covington's Title VII claims against all Defendants. The Court will GRANT the Hamilton BOE's motion and dismiss Covington's Title IX claims against the Hamilton BOE with prejudice. (Doc. No. 106) In light of those decisions, the Court will decline supplemental jurisdiction over the balance of Covington's claims, will terminate the IAABO's pending motion, and will dismiss Covington's SAC with prejudice to refile in this Court. (Doc. Nos. 103, 105) As a result, the Court will dismiss the third-party complaint filed by Defendant Board 193, and will order the pending motion for summary judgment filed by Federal terminated.

(Doc. Nos. 44, 144)  Finally, the Court will order the Clerk of the Court to close this case.  An appropriate form of order accompanies this memorandum opinion.

Dated: June 29, 2011

                    /s/ Garrett E. Brown, Jr.
                   GARRETT E. BROWN, JR., U.S.D.J.